UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHEBA DAVIS,

    Plaintiff,

v.   Case No. 4:22-cv-420-MW-MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. Background

Plaintiff commenced this action by filing a "Writ of Mandamus Motion to Amend," Doc. 1, in the United States District Court for the Middle District of Florida. United States District Judge John L. Badalamenti transferred this case to the United States District Court for the Northern District of Florida. Judge Badalamenti noted that this pleading "may have been intended as a motion in Ms. Davis's federal case" number 4:22-cv-6-MW-MAF. Doc. 2.

Because Plaintiff's document was ambiguous as to the relief sought, the undersigned directed Plaintiff to clarify: (1) whether she intended to open a new cause of action with this pleading or (2) whether she intended to file this document as a motion in her prior federal case. Doc. 5. If Plaintiff intended to proceed with a new cause of action, the undersigned directed Plaintiff to amend her complaint on a court-approved form.

The undersigned also directed Plaintiff to submit payment of $402 or a completed motion for leave to proceed *in forma pauperis*. The undersigned provided Plaintiff until January 3, 2023, to comply with that order. The undersigned also warned Plaintiff that the failure to comply likely would result in dismissal of this action.

Plaintiff did not comply with that order. Instead, on January 9, 2023, she filed an ambiguous document that, as best these undersigned can tell, indicates that Plaintiff desires to proceed with this case. Doc. 7. Plaintiff did not use the court-approved form. She also did not submit payment of the fee or a motion for leave to proceed *in forma pauperis*.

Because she failed to comply with the undersigned's order, the undersigned directed Plaintiff to show cause why her case should not be dismissed. Doc. 8. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Additionally, a court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014).

As discussed above, Plaintiff has failed to comply with two court orders, has failed to pay the filing fee, has failed to prosecute this action, and she has not offered any justification for these failures.[1] The District Court, therefore, should dismiss this civil action.

## III. CONCLUSION

Because Plaintiff failed to comply with two court orders, has failed to pay the filing fee, and has failed to prosecute this action, the undersigned respectfully

---

[1] Additionally, it appears that Plaintiff is not entitled to the relief she seeks because "a district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987); *see Klayman v. Rao*, 49 F.4th 550, 553 (D.C. Cir. 2022); *Taylor v. Cumberland Cnty. Dist. Attorney's Off.*, 911 F.2d 724 (4th Cir. 1990).

**RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice this action; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 7th day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**